AO 106A  (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

**Information associated with the cellular telephone assigned call number 480-587-1523, that is stored at premises controlled by T-Mobile US, Inc.**

)
)
)
)
)
)
)

Case No.   MR 21-1482

**FILED**

United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference). This court has authority to issue this warrant under 18 U.S.C. §§ 2703 (c)(1)(A) and 2711(3)(A).

located in the _____ District of _____**New Mexico**_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 1153 | Offenses Committed in Indian Country |
| 18 USC 1111(a) | Murder |

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

**Justin Tennyson, Special Agent, FBI**
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
____**telephone and submitted via email**____ *(specify reliable electronic means)*.

_____
*Judge's signature*

Date:   10/18/2021 at 3:15 p.m.

City and state:  **Farmington, New Mexico**

**B. Paul Briones, US Magistrate Judge**
_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE USING ASSIGNED CALL NUMBER 480-587-1523 THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE US, INC. | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Justin Tennyson, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant for

information associated with certain accounts that is stored at premises owned, maintained,

controlled, or operated by T-Mobile US, Inc., a wireless telephone service provider

headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054.  The information to be searched

is described in the following paragraphs and in Attachment A.  This affidavit is made in support

of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and

2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 to require T-Mobile to disclose to the

government records and other information in its possession pertaining to the subscribers or

customers associated with the accounts as well as roaming information, including the contents of

communications.

2.      I am a Special Agent with the FBI and have been since July of 2014.  I am

currently assigned to the Albuquerque Field Office, Gallup Resident Agency.  My primary duties

as a Special Agent with the FBI include investigating crimes occurring in Indian Country.  I have

gained experience in the conduct of such investigations through previous case investigations,

formal training, and in consultation with law enforcement partners in local, state and federal law enforcement agencies.  As a Federal Agent, I am authorized to investigate violations of the laws of the United States and have authority to execute arrest and search warrants issued under the authority of the United States.  I have analyzed thousands of call detail records and have an understanding of the information that is available, to include location information, to provide an analysis of those records.  I have training and experience in enforcing federal laws and tracking suspects and fugitives, including locating cell phones suspected of being used by suspects and fugitives in furtherance of criminal activity.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.  Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. §1153 – Offenses committed within Indian country and §1111 – Murder have been committed by unknown person(s).  There is also probable cause to search the information described in Attachment A for evidence of these crimes, as described in Attachment B.

## PROBABLE CAUSE

4.      On September 17, 2021 at approximately 4:04 p.m., W.K., year of birth (y.o.b.) 1994, hereafter John Doe or Doe, was reported missing by a family member to local authorities in Gallup, New Mexico. The family member, Y.R., y.o.b. 1977, stated Doe was last seen on September 16, 2021 at approximately 11:00 p.m. at her apartment in Gallup, New Mexico. On September 17, 2021, the McKinley County Metro Dispatch Authority (MCMDA) contacted T-Mobile US, Inc, Doe's wireless carrier, and inquired about cellular telephone number 480-587-

1523, hereafter the "SUBJECT PHONE", and T-Mobile stated that John Doe's phone was turned off.

5.      Y.R. was interviewed by a Detective at the Gallup Police Department on September 20, 2021. Y.R. stated that she had went to bed around 11:15 p.m. on September 16, 2021 and Doe was home at the time. On September 17, 2021, Y.R. went about her daily activities and then her son, K.K., year of birth 1993, came over in the afternoon and asked if Doe was there. K.K. told Y.R. that he had received a text message from Doe's girlfriend, D.B., y.o.b. 1999, that had asked where Doe was because she was last told by Doe that he was going to go with K.K. around 10:38 p.m. on September 16, 2021.

6.      Y.R. and K.K. went into Doe's bedroom and noticed that his wallet was there, which Y.R. thought was odd, but Doe was not at the residence. K.K. told Y.R. that he had spoken with Doe in the afternoon on September 16, 2021 and Doe was sad and depressed about several things going on in his life. K.K. stated he told Doe that everything was going to be o.k. and Doe left shortly after that.

7.      On September 23, 2021, a person was observed laying in the field near County Road 1-C in Tsayatoh, New Mexico. Law enforcement arrived on scene and observed that the male had a tattoo on his left arm with the numbers "12" and "5". Doe's family members were contacted and they stated that Doe did have the birthdate of his son on his left arm, which includes the numbers "12" and "5". Other identifying characteristics, such as height and weight, appeared to be a match to Doe. Doe was pronounced deceased by the Office of the Medical Investigator (OMI) on September 23, 2021. The affiant received notification from the OMI on September 29, 2021 that Doe was positively identified via prints.

8.      Doe had a hole in his chest and appeared to have a laceration on his forehead. Doe was wearing a black shirt that was ripped on the right side and was pulled up to his chest area. The left pocket of his gray shorts was turned inside out. There were scratches on the right side of Doe's torso. There were dark colored fibers, which appeared to be hairs, located in the left hand of Doe which were seized as evidence. Doe's cellular telephone was not located on him and it is unknown at this time where the cellular telephone is currently located.

9.      On September 24, 2021, D.B. was interviewed by law enforcement at the Gallup Police Department (GPD). D.B. stated she had been in an on and off again relationship with Doe for around a year. D.B. stated she was in Farmington, New Mexico on September 16, 2021 as she works there through the week. D.B. was communicating with Doe during the day as well as in the evening on September 16, 2021. In the daytime, Doe and D.B. were arguing and Doe accused D.B. of not loving him but D.B. assured Doe that that wasn't the case. In the evening, Doe told D.B. that he was getting ready to go with his brother, K.K., and that K.K. was going to pick him up. The last communication that D.B. had with Doe was around 10:38 p.m. This is the last known online communication that law enforcement is aware of that Doe had with anyone.

10.      D.B. stated she had been in a fight with Doe in July 2021 at K.K.'s residence in Gallup, New Mexico. During the altercation, Doe had bit D.B. and she had also received a black eye and bloody nose. D.B. had went to the Gallup Indian Medical Center (GIMC) for treatment of her injuries. A police report from the Gallup Police Department (GPD) revealed that D.B. had told the responding officer that Doe had thrown D.B.'s phone at her which had caused her to bleed from the nose.

11.      On September 30, 2021, the affiant obtained a search warrant for the SUBJECT PHONE (Case Number 21-MR-1396) to obtain location information, toll records, and other

relevant information for the account. The results of the search warrant were received on October 12, 2021. In the subscriber information, it was revealed that the SUBJECT PHONE was listed in a suspended status and that the account was terminated on September 22, 2021, the day prior to Doe being found. On October 14, 2021, the affiant contacted a T-Mobile representative who stated that the account would likely not have had a termination date if the account holder had recently failed to make a payment. The information requested in Attachment B was not obtained from the results of this search warrant.

12.    On October 6, 2021, the affiant was informed by the OMI that the manner of death for Doe was homicide and the cause of death was multiple injuries.

13.    Based on my training and experience, I know that crimes of violence often occur to individuals that are close with or related to the offenders. In some instances, the victim and offender will argue or disagree with each other. In some cases, these communications occur using cellular devices and the cellular provider, in some cases, retains evidence of a crime or motivations for committing a crime.  Additionally, these conversations can occur hours, minutes, days, weeks or months prior to the crime.  Furthermore, these conversations can occur hours, minutes, days, weeks or months after the crime.  This includes but is not limited to text message communications, telephone calls, and email communications.

14.    In my training and experience, I have learned that T-Mobile US, Inc is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic

areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

15.    Based on my training and experience, I know that T-Mobile US, Inc can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as T-Mobile US, Inc typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes. A preservation request was sent to T-Mobile US, Inc on September 23, 2021 for the SUBJECT PHONE.

16.    Based on my training and experience, I know that wireless providers such as T-Mobile US, Inc typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile US, Inc typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes

under investigation because the information can be used to identify the SUBJECT PHONE's

user or users and may assist in the identification of co-conspirators and/or victims.

## JURISDICTIONAL STATEMENT

17.     The location of where John Doe was discovered is within the boundaries of

the Navajo Indian Reservation, which is Indian Country in the District of New Mexico. A check

with the Navajo Nation Vital Records and Tribal Enrollment Program revealed that Doe is an

enrolled member of the Navajo Nation.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

18.     I anticipate executing this warrant under the Electronic Communications Privacy

Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), and Federal Rule of

Criminal Procedure 41, by using the warrant to require T-Mobile to disclose to the government

copies of the records and other information (including the content of communications) particularly

described in Section I of Attachment B.  Upon receipt of the information described in Section I of

Attachment B, government-authorized persons will review that information to locate the items

described in Section II of Attachment B.

## CONCLUSION

19.     Based on the foregoing, I request that the Court issue the proposed search

warrant.

20.     This Court has jurisdiction to issue the requested warrant because it is "a court of

competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) &

(c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that has jurisdiction

over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).  Pursuant to 18 U.S.C. § 2703(g),

the presence of a law enforcement officer is not required for the service or execution of this warrant.

21.     Supervisory Assistant United States Attorney Kyle Nayback has reviewed and approved this affidavit in support of an application for a search warrant.

## REQUEST FOR SEALING

22.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.   These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.   Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

Respectfully submitted,

Justin Tennyson
JUSTIN TENNYSON
Special Agent
Federal Bureau of Investigation

Telephonically sworn and electronically signed before me this 18th day of October 2021.

HON. B. Paul Briones

United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the cellular telephone assigned call number 480-587-1523 ("the SUBJECT PHONE"), that is stored at premises controlled by T-Mobile US, Inc. ("the Provider"), a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054.

## ATTACHMENT B

### Particular Things to be Seized

### I.  Information to be disclosed by T-Mobile

To the extent that the information described in Attachment A is within the possession, custody, or control of T-Mobile, including any messages, records, files, logs, or information that have been deleted but are still available to T-Mobile, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), T-Mobile is required to disclose the following information to the government for each account or identifier listed in Attachment A from September 15, 2021 – September 23, 2021:

a.      All records and other information relating to wire and electronic communications sent from or received by the Account, including precision location, location history, and timing advance reports (such as RTT, Truecall, and LOCDBOR).

b.      All records pertaining to communications between T-Mobile and any person regarding the account or identifier, including contacts with support services and records of actions taken to include customer care notes.

### II.  Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18 U.S.C. §1153 – Offenses committed within Indian country and §1111 – Murder involving unknown person(s), including, but not limited to, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a.  Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

b.  Evidence of the location of the Device, including but not limited to: cell tower and sectors used for communications, timing advance records, latitude and longitude measurements, and GPS measurements.

c.  Communications with T-Mobile regarding actions to take on the Account

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.